IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20156
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE GARCIA-SANDOVAL,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-584-1
--------------------
February 20, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Jose Garcia-Sandoval appeals the 37-month sentence imposed
following his plea of guilty to a charge of being found in the
United States after deportation, a violation of 8 U.S.C. § 1326.
He contends that his prior state felony conviction for possession
of a controlled substance is not an "aggravated felony" for
purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C.
§ 1101(a)(43)(B).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002), this court held that possession of a controlled substance is an "aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2 (2001). Accordingly, Garcia's argument is foreclosed.

Garcia also argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 490; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). Garcia's argument is foreclosed. The judgment of the district court is AFFIRMED.